**UNITED STATES BANKRUPTCY COURT**
**DISTRICT OF NEW HAMPSHIRE**

| | |
|---|---|
| **************************************** | |
| In Re: * | **Chapter 7** |
| * | **Case No. 20-10424-BAH** |
|     **Theresa Pearson** * | |
| * | |
| * | |
|     **Debtor(s)** * | |
| **************************************** | |
| **Theresa Pearson** * | **Adv. Pro. No.** _____ |
| * | |
|     **v.** * | |
| * | |
| **Katherine Pearson Drisko** * | |
| **Defendant** * | |
| **************************************** | |

## COMPLAINT

NOW COMES Theresa Pearson ("the Debtor" or "Pearson"), and complains against the Defendant, Katherine Pearson Drisko, for a declaration that Debtor has a valid first position homestead exemption against property she has a ½ interest in located at 848 Rollins Road, Hopkinton, NH (the "Marital Home" or "Marital Residence") and an objection to claim, as follows:

## PARTIES

1. The Debtor-Plaintiff, is the Chapter 13 debtor in this case with an address at the Marital Home.

2. Katherine Drisko ("Defendant" or "Drisko") is an individual with an physical address of 21-Wheeler Road, Hollis, NH and mailing address of P.O. Box 987, Hollis, NH and holds a mortgage on the Marital Residence that does not contain a homestead waiver. She is the Debtor's ex-mother in law.

1

## JURISDICTION, VENUE AND CONSENT TO JURISDICTION

3. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §1334(a), and this matter is a core proceeding in that it is filed to determine the priority, validity and amount of a homestead exemption in estate property pursuant to 28 U.S.C. §157(b). Venue is proper under 28 U.S.C. §1409.

4. Pursuant to AO 7008-1 the Debtor consents to the jurisdiction of the Bankruptcy Court in this matter and consents to the entry of judgment or final orders in this matter by the Bankruptcy Court.

## BRIEF DESCRIPTION OF CASE

5. This case arises in the wake of a bitter divorce between the Debtor and Michael Pearson. (the "Ex-Husband").  Debtor's ex-mother in law is the Defendant in this action. She holds a valid recorded first mortgage on the Marital Home in the original principal amount of $81,000.00 (the "Drisko Mortgage") (the "Drisko Loan") which does not contain a homestead waiver. Defendant maintains that notwithstanding this fact, Defendant has superior claims ahead of the homestead exemption. This action is filed to determine the amount, validity and priority of the homestead exemption.  All agree the Marital Home needs to be sold.  The amount of the claim of the Defendant is also in dispute, since the Defendant paid off the first mortgage to the third-party bank when it was current and has added that debt approximately $321,000.00 (the "Bank Mortgage" or "Bank Loan") to the Drisko Mortgage of $81,000.00[1] under the clause in the

---

[1] It is unclear from Defendant's proof of claim whether the $402,146.92 total claim alleged includes the Drisko Mortgage or not.  Debtor believes it does.

mortgage that allows a lender (when a debtor is in default) to pay expenses <u>if necessary</u> to protect their interest.

**FACTS**

6. Prior to the Petition Date (April 18, 2020), Debtor was married to her Ex-Husband and purchased the Marital Residence in her own name with her own money sometime in 2006.

7. Thereafter as part of a re-finance she quitclaimed half of her 100% interest to her Ex-Husband and both were obligated under Bank Mortgage.

8. At some point around June of 2011 the marriage failed. The Ex-Husband, a lawyer, left the Marital Home. The Ex-Husband was ordered to pay child support, but refused to do so. He still owes approximately $59,000 in back child support. There were children at home. As a result, Drisko paid the Ex-Husband money to pay the child support obligations, but the Ex-Husband diverted the money to himself. Thereafter, Drisko started paying the Bank Mortgage directly.

9. Drisko paid the Bank Mortgage for several years. During this time, she told the Debtor, more than once, that the Debtor would be walking away with enough money to make a new start in a place of her own. She said, "you know I'm going to make sure that you have some money after the house sells." These are the kind of things that (Debtor suspects) were not told to her own children. She told Debtor- early on- "I will take care of the mortgage, you take care of maintenance, etc."

10. At some point John McLaughlin, a lawyer and Drisko's son-in-law from a different marriage, had Debtor sign a note for $81,000.00 secured by the Drisko Mortgage (without a homestead waiver), which at the time was a second mortgage behind the Bank Mortgage. The

Bank Mortgage remained current at all relevant times in the Debtor and Defendant's dealings with each other.

11. During this period, 2014-2018 the house was listed for sale. The Ex-Husband refused to cooperate with the sale on many levels and delayed the attempted sale of the Marital Home. Despite allegations, Debtor tried diligently to sell the Marital Residence at this time.

12. Inexplicably, on June 1, 2018 Drisko paid off the remaining balance on the Bank Mortgage of $231,344.88. She did not contact the Debtor first and all loans were current at the time. She had never attempted any type of collection during this period, nor ever indicated (other than the $81,000 note) that anything was an obligation of the Debtor. In fact, she indicated the opposite, that she would take care of the Bank Mortgage and Debtor take care of the maintenance on the Marital Residence.

13. The discharge of the Bank Mortgage and the discharge of the waiver of homestead exemption was signed on August 3, 2018 and recorded on August 7, 2018.

14. About a year later Debtor received a demand letter from an attorney for over $402,000.00, claiming that the Bank Mortgage payoff (and payments) were made with the intention of protecting the Drisko Mortgage and pursuant to paragraph 7 of the Drisko Mortgage payments were <u>necessary</u> for "Protection of Lender's [Drisko's] Security." The Bank Loan was added to the Drisko Loan by the Defendant. The Mortgage is attached as <u>Exhibit A-Proof of Claim of Defendant</u>.

15. Debtor disputes the payments were necessary for protection of the Marital Home because of her dealings with Defendant during the 5 years Defendant paid the Bank Mortgage where Drisko clearly indicated donative intent, there are no loan documents other than the Drisko Note. Paragraph 7 of the Drisko Mortgage is for things like paying taxes to avoid a taking or

4

paying insurance not for paying off a current first mortgage, nobody pays $320,000.00 to protect $81,000.00, and finally Drisko never contacted the Debtor to say she was taking this action and give the Debtor a chance to pay herself.  The Defendant's reasoning stretches credulity.

16. Resolving the issue of the amount of the Drisko Mortgage is less important than whether Debtor gets her homestead exemption because the Marital Residence is only worth about $300,000.00.

17. After Drisko paid off the Bank and the Bank mortgage was discharged, she waited a year and then sent a demand letter. Just prior to this action, the Ex-Husband transferred his interest in the Marital Home to Drisko for "no consideration[2]".  Why this would not be a fair market value credit against the Bank Loan which is only being charged to the Debtor not her Ex-Husband if they are both liable is a mystery, and not proper.

18. Since 2019, Drisko has changed her approach and now maintains Debtor is solely liable for the entire Bank Loan and Drisko Loan, and Debtor does not get a senior homestead exemption.

19. This action is filed to determine the amount validity and priority of the homestead exemption under 11 U.S.C. 522(b) and state law as well as determine the amount Debtor owes to Drisko.  Debtor is still owed over $50,000.00 in back child support.

### COUNT I - (Amount, Validity and Priority of Homestead Exemption)

20. The Trustee hereby repeats and realleges Paragraphs 1-19 above.

21. Pursuant to 11 U.S.C. §522(b) the Debtor claimed her $120,000.00 homestead exemption in the Marital Residence under the laws of the State of New Hampshire.

---

[2] No consideration is language Drisko uses in an affidavit filed in the registry at the time of the transfer.

22.     "Every person is entitled to $120,000 worth of his or her homestead, or of his or her interest therein, as a homestead."  See NH RSA 480:1. "NH RSA 480:5-a Encumbering. – No deed shall convey or encumber the homestead right, except a mortgage made at the time of purchase to secure payment of the purchase money, unless it is executed by the owner and wife or husband, if any, with the formalities required for the conveyance of land."  NH RSA 480:5-a. Deseyo v. Cavadi 165 N.H. 76 (NH 2013)("statutory homestead protections are remedial in nature and, to effectuate their public-policy objective, are to be liberally construed…")

23.     The Drisko Mortgage does not include a waiver of the homestead rights held by the Debtor in her undivided ½ interest in the Marital Home.  The Debtor has resided at the Marital Residence for 14 years and continues to reside at the Marital Residence. The Bank Mortgage and associated homestead waiver have been discharged of record.

24.     The Debtor is a hypothetical lien creditor and a BFP without notice, and is not subject to any equitable lien.[3]

25.     Debtor is entitled to her homestead exemption ahead of the Drisko Mortgage which is the only mortgage of record at the time the Debtor filed Bankruptcy and does not contain a homestead waiver.  NH RSA 480:5-a.

## COUNT II- (Objection to Claim)

26.     The Debtor incorporates paragraphs 1-25 herein.

27.     Drisko filed a claim for $402,146.92.

---

[3] See 11 U.S.C. §522(h); In re Chase 388 B.R. 462 (Bankr. D. NH 2008)(Debtor in Chapter 13 is BFP and is not subject to an equitable lien.). In this case the homestead waiver was discharged so there is no recorded waiver of homestead rights. There are other grounds to challenge an equitable lien as well such as that it was voluntary and that Drisko had actual notice of the junior lien and others.

28. The Debtor never agreed to pay anything to Drisko other than the Drisko Loan, and in fact the amounts paid by Drisko for the Marital Residence above the Drisko Loan, are not evidenced by any agreement, written or otherwise.

29. The payments made by Drisko were in fact gifts, not loans. Further, Debtor disputes the payments were necessary for protection of the Marital Home because of her dealings with Defendant during the 5 years Defendant paid the Bank Mortgage where Drisko clearly indicated donative intent, there are no loan documents other than the Drisko Loan, paragraph 7 of the Drisko Mortgage is for things like paying taxes to avoid a taking or paying insurance not for <u>voluntarily</u> paying off a current first mortgage, nobody pays $320,000.00 to protect $81,000.00, and finally Drisko never contacted the Debtor to say she was taking this action and give the Debtor a chance to pay herself.  The Defendant's reasoning stretches credulity.

30. The Claim should be reduced to $81,000.00 plus interest and reasonable attorney's fees as of the Petition Date and be secured by Drisko Mortgage subject to the Debtor's homestead exemption.

31. Drisko may have also been satisfying the Ex-Husband's child support obligations, which are substantial and were never paid by the Ex-Husband and therefore were an obligation to the Debtor, not a loan.

## COUNT III – (Credit Of Ex-Husband's ½ Interest)

32. The Debtor incorporates paragraphs 1-31 herein.

33. On April 3, 2018 the Ex-Husband transferred his ½ interest in the Marital Property to Drisko (the Quit Claim Deed was recorded on May 21, 2018), presumably so she could foreclose on the Marital Residence (owning half and having a security interest in the other half).  A representative of Drisko said it was for "no consideration" in a filing with the registry of

deeds.  If the amounts paid by Drisko on the Bank Loan were not gifts, then it is unlikely the transfer of the Ex-Husband's interest was for no consideration.  It was a transfer of value for fair market value.  It was done, on information and belief, to permit foreclosure or for some other consideration.

34. The Marital Residence should be valued at the time of the transfer and an appropriate credit given to the Debtor on the Bank Loan if the Bank Loan payments were not gifts, since the Ex-Husband was jointly and severally liable for the Bank Loan.

### COUNT IV – (Request for Accounting)

35. The Debtor incorporates paragraphs 1-34 herein.

36. Debtor requests an accounting of all amounts paid and all proper credits (like the Transfer of the Ex-Husband's ½ interest in the Marital Home), and other credits.

WHEREFORE, the Trustee requests that this Honorable Court:

A. Grant her judgment on Count I-IV above, including any appropriate interest and costs; and

B. Grant such other and further relief as is just and necessary.

> Respectfully Submitted,
> Theresa Pearson
> By and through her Attorneys,
> NOTINGER LAW, P.L.L.C.

Dated:  *August 17, 2020*         /s/ Steven M. Notinger
> Steven M. Notinger, Esquire
> PO Box 7010
> Nashua, NH 03060
> (603) 888-0803
> steve@notingerlaw.com