| drisko | |
|---|---|
| drisko | |
| Fill in this information to identify your case: | |
| Debtor 1 | Theresa Pearson |
| Debtor 2 (Spouse if, filing) | |
| United States Bankruptcy Court for the: | DISTRICT OF NEW HAMPSHIRE |
| Case number (if known) | 20-10424-BAH |

# Official Form 410
## Proof of Claim

4/19

Read the instructions before filling out this form. This form is for making a claim for payment in a bankruptcy case. Do not use this form to make a request for payment of an administrative expense. Make such a request according to 11 U.S.C. § 503.

Filers must leave out or redact information that is entitled to privacy on this form or on any attached documents. Attach redacted copies of any documents that support the claim, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, judgments, mortgages, and security agreements. Do not send original documents; they may be destroyed after scanning. If the documents are not available, explain in an attachment.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Fill in all the information about the claim as of the date the case was filed. That date is on the notice of bankruptcy (Form 309) that you received.

### Part 1: Identify the Claim

**1. Who is the current creditor?**
Katherine Drisko
Name of the current creditor (the person or entity to be paid for this claim)

Other names the creditor used with the debtor    Katherine Pearson Drisko

**2. Has this claim been acquired from someone else?**
☑ No
☐ Yes. From whom? _____

**3. Where should notices and payments to the creditor be sent?**
Federal Rule of Bankruptcy Procedure (FRBP) 2002(g)

Where should notices to the creditor be sent?

Brad Davis, Esq
Davis | Hunt Law, PLLC
780 Central Street
Franklin, NH 03235
Name, Number, Street, City, State & Zip Code

Contact phone    (603) 671-5911
Contact email    brad@davishuntlaw.com

Where should payments to the creditor be sent? (if different)

Katherine Drisko
P.O. Box 987
Hollis, NH 03049
Name, Number, Street, City, State & Zip Code

Contact phone    (603) 759-0093
Contact email    _____

Uniform claim identifier for electronic payments in chapter 13 (if you use one):
_____

**4. Does this claim amend one already filed?**
☑ No
☐ Yes. Claim number on court claims registry (if known) _____    Filed on _____

**5. Do you know if anyone else has filed a proof of claim for this claim?**
☑ No
☐ Yes. Who made the earlier filing? _____

Official Form 410        Proof of Claim        page 1

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com        Best Case Bankruptcy

| Part 2: | Give Information About the Claim as of the Date the Case Was Filed |
|---|---|

| 6. | Do you have any number you use to identify the debtor? | ☑ No<br>☐ Yes. Last 4 digits of the debtor's account or any number you use to identify the debtor: _____ |
|---|---|---|
| 7. | How much is the claim? | $ __402,146.92__ Does this amount include interest or other charges?<br>☐ No<br>☑ Yes. Attach statement itemizing interest, fees, expenses, or other charges required by Bankruptcy Rule 3001(c)(2)(A). |
| 8. | What is the basis of the claim? | Examples: Goods sold, money loaned, lease, services performed, personal injury or wrongful death, or credit card.<br><br>Attach redacted copies of any documents supporting the claim required by Bankruptcy Rule 3001(c).<br><br>Limit disclosing information that is entitled to privacy, such as health care information.<br><br>Money Loaned |
| 9. | Is all or part of the claim secured? | ☐ No<br>☑ Yes. The claim is secured by a lien on property.<br><br>**Nature of property:**<br>☑ Real Estate. If the claim is secured by the debtor's principal residence, file a *Mortgage Proof of Claim Attachment* (Official Form 410-A) with this *Proof of Claim*.<br>☐ Motor vehicle<br>☐ Other. Describe: _____<br><br>**Basis for perfection:** Mortgage _____<br>Attach redacted copies of documents, if any, that show evidence of perfection of a security interest (for example, a mortgage, lien, certificate of title, financing statement, or other document that shows the lien has been filed or recorded.)<br><br>Value of property: $ 300,000.00<br>Amount of claim that is secured: $ 300,000.00<br>Amount of claim that is unsecured: $ 102146.92  (The sum of the secured and unsecured amounts should match the amount in line 7.)<br><br>Amount necessary to cure any default as of the date of the petition:  $ 402,146.92<br><br>Annual Interest Rate (when case was filed)  .23 %<br>☑ Fixed<br>☐ Variable |
| 10. | Is this claim based on a lease? | ☑ No<br>☐ Yes. Amount necessary to cure any default as of the date of the petition: $ _____ |
| 11. | Is this claim subject to a right of setoff? | ☑ No<br>☐ Yes. Identify the property: _____ |

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com     Best Case Bankruptcy

| 12. Is all or part of the claim entitled to priority under 11 U.S.C. § 507(a)? | | |
|---|---|---|
| A claim may be partly priority and partly nonpriority. For example, in some categories, the law limits the amount entitled to priority. | ☑ No <br> ☐ Yes. *Check one:* | |
| | ☐ Domestic support obligations (including alimony and child support) under 11 U.S.C. § 507(a)(1)(A) or (a)(1)(B). | $ _____ |
| | ☐ Up to $3,025* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use. 11 U.S.C. § 507(a)(7). | $ _____ |
| | ☐ Wages, salaries, or commissions (up to $13,650*) earned within 180 days before the bankruptcy petition is filed or the debtor's business ends, whichever is earlier. 11 U.S.C. § 507(a)(4). | $ _____ |
| | ☐ Taxes or penalties owed to governmental units. 11 U.S.C. § 507(a)(8). | $ _____ |
| | ☐ Contributions to an employee benefit plan. 11 U.S.C. § 507(a)(5). | $ _____ |
| | ☐ Other. Specify subsection of 11 U.S.C. § 507(a)(\_\_\_) that applies. | $ _____ |
| | * Amounts are subject to adjustment on 4/01/22 and every 3 years after that for cases begun on or after the date of adjustment. | |

## Part 3: Sign Below

The person completing this proof of claim must sign and date it. FRBP 9011(b).

If you file this claim electronically, FRBP 5005(a)(2) authorizes courts to establish local rules specifying what a signature is.

A person who files a fraudulent claim could be fined up to $500,000, imprisoned for up to 5 years, or both. 18 U.S.C. §§ 152, 157, and 3571.

Check the appropriate box:

☐ I am the creditor.
☑ I am the creditor's attorney or authorized agent.
☐ I am the trustee, or the debtor, or their authorized agent. Bankruptcy Rule 3004.
☐ I am a guarantor, surety, endorser, or other codebtor. Bankruptcy Rule 3005.

I understand that an authorized signature on this *Proof of Claim* serves as an acknowledgment that when calculating the amount of the claim, the creditor gave the debtor credit for any payments received toward the debt.

I have examined the information in this *Proof of Claim* and have a reasonable belief that the information is true and correct.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on date    07/15/2020

/s/ Brad Davis
Signature

Print the name of the person who is completing and signing this claim:

Name         **Brad C. Davis**

Title        Attorney for Creditor

Company      **Davis | Hunt Law, PLLC**
             Identify the corporate servicer as the company if the authorized agent is a servicer.

Address      **780 Central Street**
             **Franklin, NH 03235**
             Number, Street, City, State and Zip Code

Contact phone    **(603) 671-5911**       Email    **brad@davishuntlaw.com**

United States Bankruptcy Court

District of New Hampshire

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*
In Re: Theresa Pearson  \*
                                 \*
                Debtor \*
                                 \*
\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

CASE NO.: 20-10424-BAH
CHAPTER 7

## ATTACHMENTS TO PROOF OF CLAIM

<u>Exhibit 1</u> : Mortgage Proof of Claim Attachment (Form 410A)

<u>Exhibit 2</u>: Quitclaim Deed

<u>Exhibit 3</u>: Recorded Mortgage of Katherine Pearson Drisko

<u>Exhibit 4</u>: Revolving Line of Credit Demand Note

<u>Exhibit 5</u>: Advances Made by Katherine Pearson Drisko, including Proof of Payment to to Debtors First Position Mortgage (Select Portfolio Servicing) to Protect Katherine Drisko's Second Position Mortgage.

<u>Exhibit 6</u>: Demand Letter dated July 24, 2019

                                               Respectfully Submitted,
                                               **Katherine P. Drisko**
                                               By her attorney,

Dated: <u>July 15, 2020</u>        <u>     /s/ Brad Davis     </u>
                                               Brad Davis, Esq, BNH **06836**
                                               Davis | Hunt Law, PLLC
                                               780 Central Street
                                               Franklin, NH 03235
                                               (603) 671-5911

                                               brad@davishuntlaw.com

# Mortgage Proof of Claim Attachment (12/15)

If you file a claim secured by a security interest in the debtor's principal residence, you must use this form as an attachment to your proof of claim. See separate instructions.

## Part 1: Mortgage and Case Information

| Field | Value |
|---|---|
| Case number: | 20-10424-BAH |
| Debtor 1: | Theresa Pearson |
| Debtor 2: | |
| Last 4 digits to identify: | |
| Creditor: | Katherine Drisko |
| Servicer: | Katherine Drisko |
| Fixed accrual/daily simple interest/other: | |

## Part 2: Total Debt Calculation

| Field | Value |
|---|---|
| Principal balance: | 359,788.23 |
| Interest due: | 35,899.59 |
| Fees, costs due: | 6,459.00 |
| Escrow deficiency for funds advanced: | 0.00 |
| Less total funds on hand: | - 0.00 |
| Total debt: | 402,146.92 |

## Part 3: Arrearage as of Date of the Petition

| Field | Value |
|---|---|
| Principal & interest due: | 402146.92 |
| Prepetition fees due: | 6,459.00 |
| Escrow deficiency for funds advanced: | 0.00 |
| Projected escrow shortage: | 0.00 |
| Less funds on hand: | - 0.00 |
| Total prepetition arrearage: | 402,146.92 |

## Part 4: Monthly Mortgage Payment

| Field | Value |
|---|---|
| Principal & interest: | N/A |
| Monthly escrow: | 0.00 |
| Private mortgage insurance: | 0.00 |
| Total monthly payment: | N/A |

## Part 5: Loan Payment History from First Date of Default

| A. Date | B. Contractual payment amount | Account Activity ||| E. Description | F. Contractual due date | G. Prin, int & esc past due balance | How Funds Were Applied/ Amount Incurred ||||| Balance After Amount Received or Incurred ||||
|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|---|
| | | C. Funds received | D. Amount incurred | | | | | H. Amount to principal | I. Amount to interest | J. Amount to escrow | K. Amount to fees or charges | L. Unapplied funds | M. Principal balance | N. Accrued interest balance | O. Escrow balance | P. Fees / Charges balance | Q. Unapplied funds balance |
| 7/24/2019 | 0.00 | 0.00 | 402146.92 | Total Advances | 7/24/2019 | 402146.92 | 0.00 | 0.00 | 0.00 | 0.00 | 0.00 | 402146.92 | 35,899.59 | 0.00 | 500.00 | 0.00 |

EXHIBIT 1

Official Form 410A — Mortgage Proof of Claim Attachment — page 1 of 1

Software Copyright (c) 1996-2020 Best Case, LLC - www.bestcase.com — Best Case Bankruptcy

Docket Number: 201800008189
Recorded in Merrimack County,NH
Kathi L. Guay,CPO, Register
BK: 3594 PG: 2212, 5/21/2018 10:44 AM
LCHIP $25.00 RECORDING $18.00
SURCHARGE $2.00

ENV Joan T. McLaughlin ESQ.

10.50
2.00
25.—

**MERRIMACK COUNTY RECORDS**

*Kathi L. Guay*, CPO, Register

## QUIT CLAIM DEED

KNOWN MEN BY ALL THESE PRESENTS, that I, Michael T. Pearson of Dover County of Strafford, State of New Hampshire 03820, for consideration paid grant all my right, title and interest to Katherine P. Drisko of 21 Wheeler Road, P.O. Box 671, Hollis, County of Hillsborough, State of New Hampshire 03049 with QUIT CLAIM COVENANTS:

A CERTAIN PIECE OF PARCEL OF LAND, WITH THE BUILDINGS THEREON SITUATE ON THE SOUTHERLY SIDE OF THE HIGHWAY OVER BEECH HILL, SO-CALLED, IN HOPKINTON, COUNTY OF MERRIMACK AND STATE OF NEW HAMPSHIRE, BOUNDED AND DESCRIBED AS FOLLOWS, TO WIT;

BEGINNING AT THE STONE WALL ON THE SOUTHERLY SIDE OF THE ABOVE-MENTIONED HIGHWAY AND AT LAND OF FRANK H. AND EDWARD H. KIMBALL, SAME BEING THE NORTHERLY CORNER OF THE WITHIN DESCRIBED TRACT; THENCE

SOUTHERLY ALONG SAID WALL AND KIMBALL'S LAND TO A CORNER IN A STONE WALL AND LAND OF THE SAID KIMBALL; THENCE

EASTERLY BY STONE WALL AND THE SAID KIMBALL'S FORTY ONE FEET, SIX INCHES, BE THE SAME MORE OR LESS, TO STONE WALL AND LAND OF THE SAID KIMBALL; THENCE

SOUTHEASTERLY BY WALL AND LAND OF THE SAID KIMBALL FORTY ONE FEET, SIX INCHES, BE THE SAME MORE OR LESS, TO STONE WALL AND LAND OF THE SAID KIMBALL; THENCE

EASTERLY BY STONE WALL AND LAND OF THE SAID KIMBALL FOUR HUNDRED FIFTEEN FEET, SIX INCHES, BE THE SAME MORE OR LESS, TO A CORNER IN STONE WALL AND LAND OF THE SAID KIMBALL; THENCE

**EXHIBIT 2**

NORTHERLY BY STONE WALL AND HE SAID KIMBALL'S LAND TO THE HIGHWAY BEFORE MENTIONED; THENCE

WESTERLY BY SAID HIGHWAY TO STONE WALL AND LAND OF HE SAID KIMBALL, SAME BEING THE POINT OF BEGINNING.

CONTAINING FOUR ACRES, MORE OR LESS.

For Title reference see Deed dated July 31, 2007 and recorded in the Merrimack County Registry of Deeds, in Book 3012, Page, 1206. The Tenancy by Entirety was severed by a divorce decree in the matter of *Michael Pearson v. Theresa Pearson 6th Circuit-Family Division-Concord* Case Number **629-2011-DM-0036**

COMMONLY KNOWN AS: 848 Rollins Road, Contoocook (Hopkinton), NH 03229

MAP: 260, Lot 004

Signed this 3rd day of April 2018.

By: _____
Michael T. Pearson


STATE OF ~~NEW HAMPSHIRE~~ CALIFORNIA
COUNTY OF ~~Merrimack~~ Los Angeles

On this 3rd day of April, 2018 before me, he undersigned notary public, personally appeared, MICHAEL T. PEARSON, proved to me through satisfactory evidence of identification, be the person whose name is signed on the preceding or attached document, and acknowledged to me that he signed it voluntarily for its stated purpose.

See Attached

_____
Notary Public

CALIFORNIA ALL-PURPOSE ACKNOWLEDGEMENT

> A Notary Public or other officer completing this certificate verifies only the identity of the individual who signed the document to which this certificate is attached, and not the truthfulness, accuracy, or validity of that document.

State of California  
County of Los Angeles  

On __04-03-2018__, before me, Vache Amirian, Notary Public, personally appeared __Michael Pearson__

who proved to me on the basis of satisfactory evidence to be the person(s) whose name(s) is/are subscribed to the within instrument and acknowledged to me that he/she/they executed the same in his/her/their authorized capacity(ies), and that by his/her/their signature(s) on the instrument the person(s), or the entity upon behalf of which the person(s) acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of State of California that the foregoing paragraph is true and correct.

[Notary Seal: VACHE AMIRIAN, COMM. #2061747, Notary Public - California, LOS ANGELES COUNTY, My Comm. Exp. Apr. 17, 2018]

WITNESS my hand and official seal.

SIGNATURE _[signature]_

PLACE NOTARY SEAL ABOVE

---

Though the information below is not required by law, it may prove valuable to persons relying on the document and could prevent fraudulent removal and reattachment of this form to another document.

**Description of attached document**  
Title or type of document: __Quit Claim Deed__

Document Date:_____ Number of Pages:_____

Signer(s) Other than Named Above:_____

Doc#: 201300010550
Book: 3386 Pages:0838 - 0843
05/17/2013   9:14AM

MCRD Book 3386 Page 838

Berluti, McLaughlin & Kutchin
44 School St.
Boston MA 02108

NH DRA DP-4-L
C/H
L-CHIP
G-03446

EXHIBIT 3

30.00
2.00
25

(Space Above this Line Reserved for Registry of Deeds)

# MORTGAGE

THIS MORTGAGE is made this 11th day of January, 2013, between the Mortgagor, Theresa Pearson of 848 Rollins Road, Hopkinton, New Hampshire (herein "Borrower"), and Katherine Pearson Drisko, of P.O. Box 987, Hollis, New Hampshire the Mortgagee, (herein "Lender").

WHEREAS, Borrower is indebted to Lender in the principal sum of U.S. $81,000.00 which indebtedness is evidenced by Borrower's note dated January 11, 2013, and extensions and renewals thereof (herein "Note"), providing for the balance of the indebtedness, if not sooner paid, on August 1, 2015.

TO SECURE to Lender the repayment of the indebtedness evidenced by the Note, with interest thereon; the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Mortgage; and the performance of the covenants and agreements of Borrower herein contained, Borrower does hereby mortgage, grant and convey to Lender, with power of sale, the following described property located in the County of Merrimack, State of New Hampshire:

SEE EXHIBIT A ATTACHED HERETO
AND INCORPORATED HEREIN BY REFERENCE

which has the address of **848 Rollins Road, Hopkinton, New Hampshire**
                                              [Street]                    [City]

(herein "Property Address");

TOGETHER with all the improvements now or hereafter erected on the property, and all easements, rights, appurtenances and rents, all of which shall be deemed to be and remain a part of the property covered by this Mortgage; and all of the foregoing, together with said property (or the leasehold estate if this Mortgage is on a leasehold) are hereinafter referred to as the "Property."


LT1-2-201300010550-1

1


LT2-3386-838-6

Borrower covenants that Borrower is lawfully seized of the estate hereby conveyed and has the right to mortgage, grant and convey the Property, and that the Property is unencumbered, except for encumbrances of record. Borrower covenants that Borrower warrants and will defend generally the title to the Property against all claims and demands, subject to encumbrances of record.

UNIFORM COVENANTS. Borrower and Lender covenant and agree as follows:
1. **Payment of Principal and Interest.** Borrower shall promptly pay when due the principal and interest indebtedness evidenced by the Note and late charges as provided in the Note.
2. **Payment of Taxes and Insurance.** Borrower shall pay taxes and assessments (including condominium assessments, if any) which may attain priority over this Mortgage and shall pay liability insurance premiums as they become due. Upon written request therefore, Borrower shall provide Lender with proof of payment.
3. **Application of Payments.** Unless applicable law provides otherwise, all payments received by Lender under the Note and paragraphs 1 and 2 hereof shall be applied by Lender first in payment of amounts payable to Lender by Borrower under paragraph 2 hereof, then to interest payable on the Note, and then to the principal of the Note.
4. **Prior Mortgages and Deeds of Trust; Charges; Liens.** Borrower shall perform all of Borrower's obligations under any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage, including Borrower's covenants to make payments when due. Borrower shall pay or cause to be paid all taxes, assessments and other charges, fines and impositions attributable to the Property which may attain a priority over this Mortgage, and leasehold payments or ground rents, if any.
5. **Hazard Insurance.** Once constructed, Borrower shall keep the improvements on the Property insured against loss by fire, hazards included within the term "extended coverage", and such other hazards as Lender may require and in such amounts and for such periods as Lender may require.

The insurance carrier providing the insurance shall be chosen by Borrower subject to approval by Lender; provided that such approval shall not be unreasonably withheld.

In the event of loss, Borrower shall give prompt notice to the insurance carrier and Lender. Lender may make proof of loss if not made promptly by Borrower.

If the Property is abandoned by Borrower, or if Borrower fails to respond to Lender within 30 days from the date notice is mailed by Lender to Borrower that the insurance carrier offers to settle a claim for insurance benefits, Lender is authorized to collect and apply the insurance proceeds at Lender's option either to restoration or repair of the Property or to the sums secured by this Mortgage.
6. **Preservation and Maintenance of Property; Leaseholds; Condominiums; Planned Unit Developments.** Borrower shall keep the Property in good repair and shall not commit waste or permit impairment or deterioration of the Property and shall comply with the provisions of any lease if this Mortgage is on a leasehold. If this Mortgage is on a unit in a condominium or a planned unit development, Borrower shall perform all of Borrower's obligations under the declaration or covenants creating or governing the condominium or planned unit development, the by-laws and regulations of the condominium or planned unit development, and constituent documents.

2

7. **Protection of Lender's Security.** If Borrower fails to perform the covenants and agreements contained in this Mortgage, or if any action or proceeding is commenced which materially affects Lender's interest in the Property, then Lender, at Lender's option, upon notice to Borrower, may make such appearance, disburse such sums, including reasonable attorneys' fees, and take such action as is necessary to protect Lender's interest. If Lender required mortgage insurance as a condition of making the loan secured by this Mortgage, Borrower shall pay the premiums required to maintain such insurance in effect until such time as the requirement for such insurance terminates in accordance with Borrower's and Lender's written agreement or applicable law.

Any amounts disbursed by Lender pursuant to this paragraph 7, with interest thereon, at the Note rate, shall become additional indebtedness of Borrower secured by this Mortgage. Unless Borrower and Lender agree to other terms of payment, such amounts shall be payable upon notice from Lender to Borrower requesting payment thereof. Nothing contained in this paragraph 7 shall require Lender to incur any expense or take any action hereunder.

8. **Inspection.** Lender may make or cause to be made reasonable entries upon and inspections of the Property, provided that Lender shall give Borrower notice prior to any such inspection specifying reasonable cause therefore related to Lender's interest in the Property.

9. **Condemnation.** The proceeds of any award or claim for damages, direct or consequential, in connection with any condemnation or other taking of the Property, or part thereof, or for conveyance in lieu of condemnation, are hereby assigned and shall be paid to Lender, subject to the terms of any mortgage, deed of trust or other security agreement with a lien which has priority over this Mortgage.

10. **Borrower Not Released; Forbearance By Lender Not a Waiver.** Extension of the time for payment or modification of amortization of the sums secured by this Mortgage granted by Lender to any successor in interest of Borrower shall not operate to release, in any manner, the liability of the original Borrower and Borrower's successors in interest. Lender shall not be required to commence proceedings against such successor or refuse to extend time for payment or otherwise modify amortization of the sums secured by this Mortgage by reason of any demand made by the original Borrower and Borrower's successors in interest. Any forbearance by Lender in exercising any right or remedy hereunder, or otherwise afforded by applicable law, shall not be a waiver of or preclude the exercise of any
such right or remedy.

11. **Successors and Assigns Bound; Joint and Several Liability; Co-signers.** The covenants and agreements herein contained shall bind, and the rights hereunder shall inure to, the respective successors and assigns of Lender and Borrower, subject to the provisions of paragraph 16 hereof All covenants and agreements of Borrower shall be joint and several. Any Borrower who co-signs this Mortgage, but does not execute the Note, (a) is co-signing this Mortgage only to mortgage. grant and convey that Borrower's interest in the Property to Lender under the terms of this Mortgage, (b) is not personally liable on the Note or under this Mortgage, and (c) agrees that Lender and any other Borrower hereunder may agree to extend, modify, forbear, or make any other accommodations with regard to the terms of this Mortgage or the Note without that Borrower's consent and without releasing that Borrower or modifying this Mortgage as to that Borrower's interest in the Property.

12. **Notice.** Except for any notice required under applicable law to be given in another manner, (a) any notice to Borrower provided for in this Mortgage shall be given by delivering it or by mailing such notice by certified mail addressed to Borrower at the Address for

Borrower set forth above or at such other address as Borrower may designate by notice to Lender as provided herein, and (b) any notice to Lender shall be given by certified mail to Lender's address stated herein or to such other address as Lender may designate by notice to Borrower as provided herein. Any notice provided for in this Mortgage shall be deemed to have been given to Borrower or Lender when given in the manner designated herein.

13. **Governing Law; Severability.** The state and local laws applicable to this Mortgage shall be the laws of the jurisdiction in which the Property is located. The foregoing sentence shall not limit the applicability of Federal law to this mortgage. In the event that any provision or clause of this Mortgage or the Note conflicts with applicable law, such conflict shall not affect other provisions of this Mortgage or the Note which can be given effect without the conflicting provision, and to this end the provisions of this Mortgage and the Note are declared to be severable. As used herein, "costs", "expenses" and "attorneys' fees" include all sums to the extent not prohibited by applicable law or limited herein.

14. **Borrower's Copy.** Borrower shall be furnished a conformed copy of the Note and of this Mortgage at the time of execution or after recordation hereof.

15. **Rehabilitation Loan Agreement.** Borrower shall fulfill all of Borrower's obligations under any home rehabilitation, improvement, repair, or other loan agreement which Borrower enters into with Lender. Lender, at Lender's option, may require Borrower to execute and deliver to Lender, in a form acceptable to Lender, an assignment of any rights, claims or defenses which Borrower may have against parties who supply labor, materials or services in connection with improvements made to the Property.

16. **Transfer of the Property or a Beneficial Interest in Borrower.** If all or any part of the Property or any interest in it is sold or transferred (or if a beneficial interest in Borrower is sold or transferred and Borrower is not a natural person) without Lender's prior written consent, Lender may, at its option, require immediate payment in full of all sums secured by this Mortgage. However, this option shall not be exercised by Lender if exercise is prohibited by federal law as of the date of this Mortgage. If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is delivered or mailed within which Borrower must pay all sums secured by this Mortgage. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Mortgage without further notice or demand on Borrower.

NON-UNIFORM COVENANTS. Borrower and Lender further covenant and agree as follows:

17. **Acceleration; Remedies. Except as provided in paragraph 16 hereof, upon Borrower's breach of any covenant or agreement of Borrower in this Mortgage, including the covenants to pay when due any sums secured by this Mortgage, Lender prior to acceleration shall give notice to Borrower as provided in paragraph 12 hereof specifying: (1) the breach; (2) the action required to cure such breach; (3) a date, not less than 10 days from the date the notice is mailed to Borrower, by which such breach must be cured; and (4) that failure to cure such breach on or before the date specified In the notice may result In acceleration of the sums secured by this Mortgage and sale of the Property. If the breach is not cured on or before the date specified In the notice, Lender, at Lender's option, may declare all of the sums secured by this Mortgage to be immediately due and payable without further demand and may invoke the STATUTORY POWER OF SALE and any other remedies permitted by applicable law. Lender shall be entitled to collect all**

4

reasonable costs and expenses Incurred in pursuing the remedies provided In this paragraph 17, Including, but not limited to, reasonable attorneys' fees.

If Lender invokes the STATUTORY POWER OF SALE, Lender shall mail a copy of a notice of sale to Borrower, and to any other person required by applicable law, In the manner provided by applicable law. Lender shall publish the notice of sale and the Property shall be sold in the manner prescribed by applicable law. Lender or Lender's designee may purchase the Property at any sale. The proceeds of the sale shall be applied in the following order: (a) to all reasonable costs and expenses of the sale, including reasonable attorneys' fees and costs of title evidence; (b) to all sums secured by this Mortgage; and (c) the excess, if any, to the person or persons legally entitled thereto.

18. **Assignment of Rents; Lender In Possession.** As additional security hereunder, Borrower hereby assigns to Lender the rents of the Property, provided that Borrower shall, prior to acceleration under paragraph 17 hereof or abandonment of the Property, have the right to collect and retain such rents as they become due and payable.

Upon acceleration under paragraph 17 hereof or abandonment of the Property, Lender shall be entitled to enter upon, take possession of and manage the Property and to collect the rents of the Property including those past due. All rents collected by Lender shall be applied first to payment of the costs of management of the Property and collection of rents, including, but not limited to, reasonable attorneys' fees, and then to the sums secured by this Mortgage. Lender shall be liable to account only for those rents actually received.

19. **Release.** Upon payment of all sums secured by this Mortgage, Lender shall discharge this Mortgage without cost to Borrower. Borrower shall pay all costs of recordation, if any.

---

## REQUEST FOR NOTICE OF DEFAULT

## AND FORECLOSURE UNDER SUPERIOR

## MORTGAGES OR DEEDS OF TRUST

Borrower and Lender request the holder of any mortgage, deed of trust or other encumbrance with a lien which has priority over this Mortgage to give Notice to Lender, at Lender's address set forth on page one of this Mortgage, of any default under the superior encumbrance and of any sale or other foreclosure action.

END OF TEXT

SIGNATURE PAGE FOLLOWS

IN WITNESS WHEREOF, Borrower has executed this Mortgage under Seal this 11th day of January, 2013.

*Theresa Pearson*
Theresa Pearson

STATE OF NEW HAMPSHIRE

Merrimack, NH, ss        January 11, 2013

On this 11th day of January, 2013, before me, the undersigned notary public, personally appeared Theresa Pearson, who proved to me through satisfactory evidence of identification, which was personal knowledge of the undersigned, to be the person whose name is signed on the preceding or attached document, and acknowledged to me that she signed it voluntarily, in the capacity indicated, and that he has the authority to sign in that capacity.

*Brad Kulacz*
Notary Public:
My Commission Expires:

BRAD KULACZ, Notary Public
My Commission Expires March 6, 2018

\\BERMAC01\TMClientDocs\311.014\Mortgage.docx

MERRIMACK COUNTY RECORDS
*Kathi L. Guay*, CPO, Register

6

**EXHIBIT**

4

# REVOLVING LINE OF CREDIT DEMAND NOTE

Dated: January 11, 2013
Hollis, New Hampshire                                               $81,000.00

For value received, THERESA PEARSON, of 848 Rollins Road, Hopkinton, NH 03229 (the "Borrower") promises to pay to the order of the Katherine Pearson Drisko (the "Lender,") or order, the principal amount of Eighty-One Thousand and 00/100 Dollars ($81,000.00), or if less, such amount as may be the aggregate unpaid principal amount of all loans or advances made by the Lender to the Borrower pursuant hereto, on demand, together with interest from the date of the Lender's first advance to the Borrower on the aggregate unpaid principal balance from time to time outstanding.

The interest rate on this note is fixed at 0.23% per annum. Interest shall be accrued and payable on August 1, 2015, unless sooner demanded by Lender. Principal and any unpaid but accrued interest shall be payable to the Lender as it may direct, in writing, in lawful money of the United States of America without set-off, deduction or counterclaim. Interest shall be calculated on the basis of actual days elapsed and a 365 day year.

All payments made hereunder shall be remitted to Lender at P.O. Box 987, Hollis, New Hampshire, unless and until Lender provides written notification to Borrower to the contrary.

This Note is a revolving note and, subject to the foregoing, the Borrower may, at its option, at any time prior to default or maturity borrow, pay, prepay, and re-borrow hereunder, all in accordance with the provisions hereof and any and all other agreements between the Borrower and the Lender related thereto; provided, however, that the principal balance outstanding shall at no time exceed the face amount of the Note.

The Borrower may not request an advance for more than $1,600.00 per month without the consent of Lender. The Borrower's right to borrow under this Agreement will expire on August 1, 2015. No further borrowing will be permitted after that date and any outstanding balance at that time must be paid in full.

At the option of the holder, this Note shall become immediately due and payable without notice or demand.

Any payments received by the Lender on account of this Note prior to demand shall be applied first, to any costs, expenses, or charges then owed to the Lender by the Borrower, second, to accrued and unpaid interest, and third to the unpaid principal balance hereof. Any payments so received after demand shall be applied in such manner as the Lender may determine.

No delay or omission on the part of the holder in exercising any right hereunder shall operate as a waiver of such right or of any other right of such holder, not shall any delay, omission or waiver on anyone occasion be deemed a bar to or waiver of the same or any other right on any future occasion. The Borrower and every other market and every endorser or guarantor of this

Note, regardless of the time, order or place of signing, waives presentment, demand, protest and notices of every kind and assents to any extension or postponement of the same of payment or any other indulgence, to any substitution, exchange or release of collateral, and to the addition or release of any other party or person primarily or secondarily liable. This Note shall be deemed effective as of May 1, 2011 when the first advance was made to Borrower. The Borrower acknowledges that the sum of $29,845.00 has been advanced to Borrower from May 1, 2011 through November, 2012.

The Borrower and each endorser and guarantor of this Note agree to pay, upon demand, costs of collection of the principal of and interest on this Note, including without limitation reasonable attorneys' fees.

This Note shall be binding upon the Borrower and each endorser and guarantor hereof and upon their respective heirs, successors, assigns, and representatives, and shall inure to the benefit of the Lender and its successors, endorses, and assigns.

The liabilities of the Borrower and any endorser or guarantor of this Note are joint and several; provided, however, the release by the Lender of the Borrower or anyone or more endorser or guarantor shall not release any other person obligated on account of this Note.

The Note shall be secured by a second mortgage on the Borrower's interest in the real property at 848 Rollins Road, Hopkinton, N.H.

This Note shall be governed by the laws of the state of New Hampshire, and shall take effect as a sealed instrument. The Borrower, and each endorser and guarantor of this Note each submits to the jurisdiction of the courts of the state of New Hampshire for all purposes with respect to this Note.

Borrower, and each endorser and guarantor of this Note each irrevocably submits to the non-exclusive jurisdiction of any federal or state court sitting in Nashua, New Hampshire over any suit, action or proceeding arising out of or relating to the Agreement. Each Borrower, endorser or guarantor, irrevocably waives, to the fullest extent it may effectively do so under applicable law, any objection it may have or hereinafter have to the laying of the venues of any such suit, action or proceeding brought in any such court and any claim that the same has been brought in an inconvenient forum.

**WITNESS:**            **MAKER (the Borrower):**

*[signature]*            *[signature]*
                         Theresa Pearson

\\BERMAC01\TMClientDocs\311.014\Demand Note.Doc

| Date | Check No. | Payee | Amount | Principal |
|---|---|---|---|---|
| **1/11/2013** | | | | $29,845.00 |
| 2/8/2013 | 2996 | BSI Services (BSI) | $1,836.84 | $31,681.84 |
| 3/4/2013 | PHONE | BSI | | |
| 3/7/2013 | 3013 | BSI | $1,703.84 | $33,385.68 |
| 4/8/2013 | 3020 | BSI | $1,703.82 | $35,089.50 |
| 5/8/2013 | 3033 | BSI | $1,768.82 | $36,858.32 |
| 6/6/2013 | 2840 | BSI | $1,703.82 | $38,562.14 |
| 7/9/2013 | 2848 | BSI | $1,703.82 | $40,265.96 |
| 8/7/2013 | 2858 | BSI | $1,703.82 | $41,969.78 |
| 9/13/2013 | 2885 | BSI | $1,703.82 | $43,673.60 |
| 10/8/2013 | 2903 | BSI | $1,703.82 | $45,377.42 |
| 11/6/2013 | 2915 | BSI | $1,703.82 | $47,081.24 |
| 12/7/2013 | 2932 | BSI | $1,707.82 | $48,789.06 |
| 1/6/2014 | 3047 | BSI | $1,703.82 | $50,492.88 |
| 2/8/2014 | 3067 | BSI | $1,703.88 | $52,196.76 |
| 3/7/2014 | 3079 | BSI | $1,703.82 | $53,900.58 |
| 4/8/2014 | 3096 | BSI | $1,703.82 | $55,604.40 |
| 5/6/2014 | 3112 | BSI | $1,703.82 | $57,308.22 |
| 6/4/2014 | 3135 | BSI | $1,703.82 | $59,012.04 |
| 7/5/2014 | 3145 | BSI | $1,703.83 | $60,715.87 |
| 8/5/2014 | 3162 | BSI | $1,703.82 | $62,419.69 |
| 8/27/2014 | 3175 | BSI | $1,703.82 | $64,123.51 |
| 10/3/2014 | 3187 | BSI | $1,703.82 | $65,827.33 |
| 11/6/2014 | 3204 | BSI | $1,703.82 | $67,531.15 |
| 12/3/2014 | 3226 | BSI | $1,703.82 | $69,234.97 |
| 1/5/2015 | 3245 | BSI | $1,703.82 | $70,938.79 |
| 2/2/2015 | 3265 | Residential Credit Solutions (RCS) | $1,703.82 | $72,642.61 |
| 3/4/2015 | 3277 | RCS | $1,703.82 | $74,346.43 |
| 4/6/2015 | | RCS | $1,067.99 | $75,414.42 |
| 4/6/2015 | 3291 | RCS | $1,703.82 | $77,118.24 |
| 5/3/2015 | 3306 | RCS | $1,703.82 | $78,822.06 |
| 6/1/2015 | 3319 | RCS | $1,703.82 | $80,525.88 |
| 7/5/2015 | 3332 | RCS | $1,703.82 | $82,229.70 |
| 8/2/2015 | 3342 | RCS | $1,703.82 | $83,933.52 |
| 9/1/2015 | 3351 | RCS | $2,098.61 | $86,032.13 |
| 10/4/2015 | 3368 | RCS | $2,098.61 | $88,130.74 |
| 11/1/2015 | 3387 | RCS | $2,098.61 | $90,229.35 |
| 12/1/2015 | 3394 | RCS | $2,098.61 | $92,327.96 |
| 12/29/2015 | 3414 | RCS | $2,098.61 | $94,426.57 |
| 2/1/2016 | 3436 | RCS | $2,059.65 | $96,486.22 |
| 3/2/2016 | 3451 | RCS | $2,059.69 | $98,545.91 |
| 4/2/2016 | 3470 | Rushmore Loan Management Services (RLM) | $2,059.69 | $100,605.60 |
| 5/2/2016 | 3483 | RLM | $2,059.69 | $102,665.29 |
| 6/1/2016 | 3493 | RLM | $2,059.69 | $104,724.98 |
| 7/1/2016 | 3510 | RLM | $2,059.69 | $106,784.67 |
| 8/3/2016 | 3258 | RLM | $2,059.69 | $108,844.36 |
| 9/21/2016 | 3544 | RLM | $2,481.10 | $111,325.46 |
| 10/3/2016 | 3552 | RLM | $2,541.14 | $113,866.60 |
| 11/1/2016 | 3567 | RLM | $2,481.00 | $116,347.60 |
| 12/3/2016 | 3581 | RLM | $2,050.69 | $118,398.29 |
| 12/16/2016 | PHONE | RLM | $541.49 | $118,939.78 |
| 1/10/2017 | 3612 | RLM | $2,481.10 | $121,420.88 |
| 2/3/2017 | 3629 | RLM | $2,481.10 | $123,901.98 |

EXHIBIT 5

| Date | Ref | Party | Amount | Balance |
|---|---|---|---|---|
| 3/8/2017 | PHONE | RLM | $2,601.18 | $126,503.16 |
| 4/5/2017 | PHONE | RLM | $2,473.63 | $128,976.79 |
| 5/8/2017 | PHONE | RLM | $2,473.63 | $131,450.42 |
| 6/8/2017 | PHONE | RLM | $2,473.63 | $133,924.05 |
| 7/7/2017 | PHONE | RLM | $2,472.63 | $136,396.68 |
| 8/9/2017 | PHONE | RLM | $2,473.63 | $138,870.31 |
| 9/7/2017 | PHONE | RLM | $2,473.63 | $141,343.94 |
| 10/10/2017 | PHONE | RLM | $2,473.63 | $143,817.57 |
| 11/8/2017 | PHONE | RLM | $2,473.63 | $146,291.20 |
| 12/19/2017 | 3754 | Select Portfolio Servicing (SPS) | $2,473.63 | $148,764.83 |
| 1/12/2018 | 3777 | SPS | $2,473.63 | $151,238.46 |
| 2/13/2018 | 3801 | SPS | $2,473.63 | $153,712.09 |
| 4/9/2018 | 3825 | SPS | $2,298.03 | $156,010.12 |
| 5/11/2018 | 3849 | SPS | $2,298.23 | $158,308.35 |
| 6/1/2018 | 1676393 | SPS | $231,324.88 | $389,633.23 |

Total Advances Post Note Date     $359,788.23

(Upper portion of page — upside-down check stub:)

OD2001 Rev. 10/13

Branch Number: 0401
Account Number: 01107515O 9223637341
Account Holder: Katherine P Drisko

06/01/2018                $***********231,324.88

Memo: Pearson 0021829189

Santander Bank, N.A.

00000l676393

DETACH AND RETAIN FOR YOUR RECORDS

↓↓↓ Please Tear Along The Perforation Above To Detach Check ↓↓↓

---

# 1676393



## OFFICIAL CHECK

80-7282
2313

Santander Bank, N.A.   Memo:  Pearson 0021829189

$***********231,324.88                          06/01/2018

Branch:  0401          Void If Amount Over:  $***********231,324.88

PAY TO THE ORDER OF  *** Select Portfolio Servicing Inc ***

Drawer: Santander Bank, N.A.

**NON NEGOTIABLE CUSTOMER COPY**

AUTHORIZED SIGNATURE

DRAWEE: SANTANDER BANK, N.A.  ISSUED BY: SANTANDER BANK, N.A.

MP

---

Santander
Santander Bank, N. A.

000001676393

Memo:  Pearson 0021829189

06/01/2018             $***********231,324.88

Account Holder: Katherine P Drisko

**EXHIBIT**

6

July 24, 2019

Theresa Pearson
848 Rollins Road
Hopkinton, NH 03229

    Re:    Revolving Line of Credit Demand Note dated January 11, 2013

Dear Theresa:

    In anticipation of the sale of the real estate known as 848 Rollins Road, Hopkinton, New Hampshire (the "Property"), please accept this as a payoff letter to be used to prepare for the closing. As you know, the payoff amount is a combined amount including the balance of the Revolving Line of Credit Demand Note dated January 11, 2013 (the "Note") and the $243,650 I paid to pay off your first Mortgage with First NLC Financial Services LLC dated August 20, 2007 and recorded in the Merrimack County Registry of Deeds in Book 3012, Page 1208.

    The total amount due and payable is $402,146.92. Please make the check payable to Katherine Pearson Drisko, P.O. Box 987, Hollis, NH 03049.

    Upon confirmation from the closing attorney that the payoff amount will be released upon recording, I will provide a Discharge of Mortgage to be recorded in the Merrimack County Registry of Deeds.

    If you have any questions, please do not hesitate to contact me.

                                           Very truly yours,

                                           Katherine Pearson Drisko