UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEW HAMPSHIRE

In Re:

    Theresa Pearson                                  Bk. No. 20-10424-BAH

        Debtor                                        Chapter 7

    Theresa Pearson

        Plaintiff

        v.                                           Adv. No. 20-01024-BAH

    Katherine Drisko

        Defendant

### ANSWER OF KATHERINE DRISKO

NOW COMES Katherine Drisko ("Defendant" or "Ms. Drisko") and hereby answers the allegations of Theresa Pearson ("Plaintiff" or "Ms. Pearson") in her Adversary Complaint. To the extent a response is required to the introductory paragraph, Ms. Drisko DENIES that Ms. Pearson has a valid first position homestead exemption against the subject property, 848 Rollins Road, Hopkinton, NH ("Property") superior to the mortgage Ms. Pearson granted to Ms. Drisko.

### PARTIES

1. ADMITTED.
2. The Defendant ADMITS the allegations set forth in the first sentence of Paragraph 2 of the Complaint to the extent it accurately identifies her address and that she holds a mortgage on the Property; the Defendant DENIES the allegation that there was no waiver of homestead. The Defendant ADMITS the allegations set forth in the second sentence of Paragraph 2.

1

## JURISDICTION, VENUE, AND CONSENT TO JURISDICTION

3. ADMITTED to the extent that this Court has jurisdiction and venue over this matter and the defendant assents to the Court entering final judgment in this matter as to the validity of the claimed homestead exemption; however, the current State Court proceeding which is currently stayed would be more efficient at determining the underlying issues relative to the Drisko mortgage.

4. The Defendant takes no position to the allegations set forth by the Plaintiff in Paragraph 4 of the Complaint as it recites a purely legal claim made by the Plaintiff.

## BRIEF DESCRIPTION OF CASE

5. The Defendant ADMITS the allegations set forth in Paragraph 5 to the extent that she holds a valid, recorded, first mortgage on the Property in the original principal amount of $81,000.00 ("Drisko Mortgage") and that the debt secured by the Drisko Mortgage includes payments made to third-party servicers of a bank mortgage. The Defendant DENIES all other allegations and characterizations set forth in Paragraph 5.

## FACTS

6. The Defendant ADMITS the allegations set forth in Paragraph 6 to the extent that the Plaintiff was previously married to Michael Pearson. The Defendant has insufficient knowledge of the source of funds used to purchase the Property and therefore puts the Plaintiff to her proof.

7. The Defendant ADMITS the allegations set forth in Paragraph 7 to the extent that the Plaintiff conveyed the Property to herself and Michael Pearson and that both signed a bank mortgage.  The Defendant has insufficient knowledge of the details and terms of any re-finance and therefore puts the Plaintiff to her proof.

8. The Defendant ADMITS the allegations set forth in Paragraph 8 to the extent that she did loan funds to both the Plaintiff and Michael Pearson, and that her grandchildren were living in the Property.  The Defendant DENIES the allegations set forth in Paragraph 8 to the extent they suggest any payments made to the Plaintiff were gifts.  The Defendant has insufficient knowledge as to the remainder of the allegations set forth in Paragraph 8 and therefore puts the Plaintiff to her proof.

9. The Defendant ADMITS the allegations set forth in Paragraph 9 to the extent that she continued to loan the Plaintiff money.  All other allegations and characterizations are DENIED.

10. The Defendant ADMITS the allegations set forth in Paragraph 10 to the extent that the Plaintiff granted the Defendant a note in the original principal amount of $81,000.00 secured by a mortgage on the Property.  The Plaintiff was represented by an attorney when granting the Drisko Mortgage.  The Defendant DENIES that the Plaintiff did not waive her homestead exemption by executing the Drisko Mortgage.  The Defendant ADMITS that she made payments on the bank mortgage as advances on the Drisko Mortgage.

11. The Defendant ADMITS the allegations set forth in Paragraph 11 to the extent that the Property was listed for sale at various times. The Defendant has insufficient knowledge as to the remainder of the allegations set forth in Paragraph 8 and therefore puts the Plaintiff to her proof.

12. The Defendant ADMITS the allegations set forth in Paragraph 12 to the extent that she paid off the bank mortgage to protect the security of the Drisko Mortgage. All other allegations and characterizations are DENIED.

13. The Defendant ADMITS the allegations set forth in Paragraph 13 to the extent that a "Release of Mortgage/Deed of Trust" dated August 3, 2018 was recorded with the Merrimack County Registry of Deeds at Book 3603, Page 2692. The Defendant DENIES that this recording property discharged the bank mortgage from record and DENIES that any discharge of the waiver of homestead exemption was recorded. By way of further response, the recorded Release of Mortgage as to the bank mortgage was not recorded by the mortgagee of record and therefore remains as a cloud on title. The Defendant initiated an action in the Merrimack County Superior Court (Case no. 217-2019-CV-00737) to resolve this title issue.

14. ADMITTED.

15. DENIED.

16. The Defendant has insufficient knowledge as to the allegations set forth in Paragraph 16 and therefore puts the Plaintiff to her proof.

17. The Defendant ADMITS the allegations set forth in Paragraph 17 to the extent that Michael Pearson conveyed his interest to the Defendant on April 3, 2018. All other allegations and characterizations are DENIED.
18. DENIED. The Defendant has always claimed all advances made to the Plaintiff and/or on her behalf were secured by the Drisko Mortgage and that the Plaintiff has waived her homestead exemption.
19. Paragraph 19 recites a purely legal claim made by the Plaintiff to which no response is required. In the event a response is required, DENIED. The Defendant has insufficient knowledge as to the extent, if any, of any back-child support and therefore puts the Plaintiff to her proof.

### COUNT I (Amount, Validity, and Priority of Homestead Exemption)

20. In response to Paragraph 20 of the Complaint, the Defendant refers to her above answers provided in response to Paragraphs 1-19 of the Complaint.
21. Paragraph 21 recites a purely legal claim made by the Plaintiff to which no response is required.
22. ADMITTED. The Statute referenced speaks for itself.
23. The first sentence of Paragraph 23 is DENIED. The second sentence of Paragraph 23 is ADMITTED. The third sentence of Paragraph 23 is DENIED.
24. Paragraph 24 is a conclusion of law to which no response is required. To the extent a response is required, DENIED.
25. Paragraph 25 is a conclusion of law to which no response is required. To the extent a response is required, DENIED. By signing the Drisko Mortgage, the

5

Plaintiff has waived her homestead right is waived.  Deutsche Bank Nat'l Trust Co. v. Pike, 916 F.3d 60, 69 (N.H. 2019).

## COUNT II – (Objection to Claim)

26. In response to Paragraph 26 of the Complaint, the Defendant refers to her above answers provided in response to Paragraphs 1-25 of the Complaint.
27. ADMITTED,
28. DENIED.
29. DENIED.
30. DENIED.
31. DENIED.

## COUNT III – (Credit of Ex-Husband's ½ Interest)

32. In response to Paragraph 32 of the Complaint, the Defendant refers to her above answers provided in response to Paragraphs 1-31 of the Complaint.
33. The allegations set forth in Paragraph 33 appear to be mere fantasies and speculations of the Plaintiff rather than allegations of fact.  To the extent a response is required, DENIED.
34. Paragraph 34 appears to be a conclusion of law to which no response is required.  To the extent a response is required, DENIED.

## COUNT IV – (Request for Accounting)

35. In response to Paragraph 35 of the Complaint, the Defendant refers to her above answers provided in response to Paragraphs 1-34 of the Complaint.

36. Paragraph 36 recites a purely legal claim made by the Plaintiff to which no response is required.

WHEREFORE, the Defendant asks this Honorable Court to grant the following relief:

    A. Deny Plaintiff's request for relief; and

    B. Grant such other relief as this Honorable Court deems reasonable and just.

Respectfully submitted,
Katherine Drisko,
By her attorney,

September 18, 2020       /s/ Brad Davis
Date      Brad Davis, Esq. BNH 06836
     Davis Hunt Law, PLLC
     780 Central Street
     Franklin, NH 03235
     (603) 671-5911
     brad@davishuntlaw.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this date, I served a copy of this Answer via ECF upon all parties appearing electronically to include Steven Notinger, Esq., representing the plaintiff.

September 18, 2020      /s/ Brad Davis
Date      Brad Davis, Esq.  BNH 06836